by 9th Cir. R. 36–3.

Cynthia ALLOCCO; et al.,
Plaintiffs–Appellants,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation,
Defendant–Appellee.**

Cynthia Allocco; et al., Plaintiffs–Appellees,

v.

**Metropolitan Life Insurance Company, a foreign corporation, Defendant–Appellant.**

Nos. 06–16249, 06–16310.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed April 7, 2008.

Stephen C. Ryan, Esq., Scottsdale, AZ, for Plaintiff–Appellant.

Daniel Paul Beeks, Esq., Mohr Hackett Pederson Blankley & Randolph, PC, Phoenix, AZ, for Defendant–Appellee.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK \*, District Judge.

## MEMORANDUM \*\*

Cynthia Allocco appeals from the district court's denial of her motion for a new trial following the entry of judgment after a bench trial awarding her short-term disability benefits, compensatory damages, and punitive damages. Metropolitan Life Insurance Company ("MetLife") cross-appeals, arguing that the district court erred as a matter of law by precluding it from asserting that Allocco had failed to estab-

lish a contractual or special relationship with MetLife. We reverse and remand. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

The district court erred in denying the motion for a new trial, a decision we review for abuse of discretion. *De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.2000). The district court's initial judgment, which included a punitive damage award without an award of compensatory damages, was impermissible under Arizona law. *Wyatt v. Wehmueller,* 167 Ariz. 281, 806 P.2d 870, 874 (1991).[1] When that error was called to the district court's attention, the court simply reallocated the damage award among the compensatory and punitive damage categories. Indeed, upon examination of the record, it is not apparent to us how the damage awards correlated with the underlying factual findings.

The district court also erred in precluding MetLife from asserting that Allocco had failed to establish a contractual or special relationship with MetLife based on its apparent determination that MetLife had waived the argument or, alternatively, that MetLife was judicially estopped from presenting the argument. The record does not support the district court's conclusions in this regard.

Both parties have established that they are entitled to a new trial. We reverse the judgment of the district court and remand to the Chief Judge of the District of Arizona for a new trial before a different

---

\* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Prior to the entry of judgment, the court informed the parties via email that it was contemplating a punitive damage award and wanted to inform the parties in the hope that it might provide an impetus to settlement.

district judge.[2] Except for the question of whether the parties are entitled to a new trial, we do not reach the merits of any issue urged on appeal.

**REVERSED AND REMANDED.**

---

**2.** Although we have confidence in the district judge's ability to remain impartial on remand, we believe reassignment in the interest of the appearance of fairness to the parties is warranted.